# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 CR 56 - 1 | **DATE** | 6/8/2000 |
| **CASE TITLE** | U.S.A. vs. Miller | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motions to dismiss counts I and III of the indictment are denied. Defendant's motion for production of impeaching and exculpatory information is granted, and his motion for notice of intention to use expert witness testimony is granted as modified. Defendant's motion for notice of intention to use evidence of other crimes, acts and wrongs of defendant is granted in part and denied in part. Enter Memorandum Opinion and Order. Ruling set for this day is vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 09 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | MW docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 6/8/2000 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　)　　No. 00 CR 56
　　　　　　　　　　　　　　　　　　　)
SEAN MILLER,　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　)

DOCKETED
JUN 0 9 2000

### MEMORANDUM OPINION AND ORDER

Defendant Sean Miller was indicted by a grand jury because he allegedly transported child pornography and attempted to meet and engage in sexual acts with individuals he believed to be minors. Mr. Miller moves to dismiss Counts I and III for failure to charge an offense under 18 U.S.C. § 2422(b). Because I conclude that this statute makes unlawful attempts to induce those believed to be minors -- even if they turn out to be of-age federal agents -- into sexual activities, and that the indictment pleads the same, I deny the motion to dismiss. Mr. Miller also makes a number of pretrial discovery motions, which I rule on below.

I.

The Federal Rules of Criminal Procedure require that an indictment "be a plain, concise, and definite written statement of

the essential facts constituting the offense charged." Fed. R. Crim. Pro. 7(c). The Supreme Court has set forth the following additional requirements: "An indictment is sufficient if it first contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Torres*, 191 F.3d 799, 805 (7th 1999). In reviewing the sufficiency of the indictment, I consider the challenged counts as a whole and "refrain from reaching it in a hypertechnical manner." *United States v. McNeese*, 901 F.2d 585, 602 (7th Cir. 1990). The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards. *United States v. Allender*, 62 F.3d 909, 914 (7th Cir. 1995) (citing *United States v. Webb*, 747 F.2d 278, 284 (5th Cir. 1984).

II.

Mr. Miller was charged with violating 18 U.S.C. § 2422(b), which reads in relevant part that:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, ... knowingly persuades,

induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title, imprisoned not more than 15 years, or both. 18 U.S.C. § 2422(b).

Essentially, Mr. Miller's argument is that Count One and Count Three of the indictment fail to charge the elements of this offense because the alleged "victims" were two federal agents over the age of eighteen posing as underage females. Mr. Miller argues the statute does not reach the defendant's beliefs regarding the age of the alleged victim but requires that one induce a minor, so this is what must be charged. Following the defendant's reasoning, because the prosecution did not allege that the federal agents were under the age of eighteen, these counts of the indictment do not state crimes.

Mr. Miller's proposition ignores the line of "factual impossibility" and criminal attempt cases where the mental state of the defendant was deemed sufficient to charge a defendant with criminal attempt despite the fact that defendant's acts were insufficient to charge a completed crime. That is, the defendant's belief that an element is met is sufficient to meet the element if attempt is charged. The challenge raised by Mr. Miller regarding this statute was rejected by an Alabama district court, and its

conclusion was affirmed by the Eleventh Circuit, in *U.S. v. Powell*, 1 F. Supp. 2d 1419 (N.D. Ala. 1998), *aff'd,* 177 F.3d 982 (11th Cir. 1999). Like Mr. Miller, the defendant in *Powell* argued that the indictment did not state a violation under § 2422(b) because it only alleged that Powell attempted to induce the government's special agents who were well over the age of eighteen. *Id.* at 1421. The court found the defendant's argument contrary to federal case law and held that the mere fact that the alleged victims were in fact not persons under the age of eighteen but were instead government agents posing as underage females did not warrant dismissal of the indictment. *Id.* at 1421-22.

I find *Powell* persuasive and consistent with existing Seventh Circuit precedent in other criminal attempt cases. For example, in *United States v. Garcia*, 89 F.3d 362, 366 (7th Cir. 1996), the court addressed the issue of whether a government agent needed actual possession or real cocaine in order to convict the defendant of criminal attempt to possess cocaine. *Id.* at 366. The court concluded that the issue was whether Garcia *believed* that he was buying cocaine, not whether he was actually buying cocaine. *Id.* "To the contrary, the government regularly secures convictions for attempted possession without actually having proffered to the

defendant real cocaine." *Id.* at 366, (citing *United States v. Young*, 20 F.3d 758, 760 (7th Cir. 1994)(upholding a conviction for attempted possession of cocaine where the government employed "mock" packages of cocaine during the investigation); *see also United States v. Leiva*, 959 F.2d 637 (7th Cir. 1992)(sentencing based on attempt to possess 30 kilograms even though government had only possessed 2 kilograms of cocaine and 28 kilograms of flour; defendant's belief as to the amount of cocaine possessed controlled over actual amount). The United States alleges that Mr. Miller similarly believed that the agents he was contacting on the internet were minors. If the government proves beyond a reasonable doubt that the defendant believed the government agents "Jill Kelly" or "Jessi" were underage along with the remaining elements, Mr. Miller can be convicted under the attempt provision in § 2422(b). Common sense and sufficient case law support the proposition that the government need not hire underage agents to police these types of crimes.

Having determined a defendant can violate the statute by an attempt to engage in the prohibited conduct with one who he believes is a minor, I look to the language of the indictment to determine if it sufficiently states a cognizable federal crime.

The indictment alleges that the defendant, using interstate commerce by way of interstate wire communications and mIRC communications services, attempted to induce the government agents whom he believed had not attained the age of 18, "to engage in sexual activity for which a person may be charged with a criminal offense." The indictment tracks the statutory language, clearly recites the elements of § 2422(b), and sufficiently places Mr. Miller on notice of the charges against him in order to prepare his defense.

## III.

Mr. Miller moves for an order requiring the United States to produce four weeks before trial: (1) all impeaching and exculpatory information and (2) a notice of intention to use evidence of other crimes, acts and wrongs of the defendant under Federal Rule of Evidence 404(b) and specific instances of conduct under Federal Rule of Evidence 608(b). The motion is granted.

The United States agrees to provide notice of its intent to offer evidence under Rules 404(b) and 608(b) in its case in chief. The government is correct that Mr. Miller is not entitled to discover cross-examination and rebuttal material, see Fed. R. Crim. P. 12(d)(2); so to the extent this is what Mr. Miller seeks, his motion is denied. The government also objects to the specificity

and content of much of the case-in-chief information requested by Mr. Miller, pointing to *U.S. v. Harris*, 542 F.2d 1283 (7th Cir. 1976). However, the district court in that case ordered much of the same information Mr. Miller here requests and with similar specificity. Therefore, with the exception of the information specifically prohibited from discovery by the Jencks Act, I grant the motion and order the requested notice of evidence to be used in the government's case-in-chief four weeks prior to trial.

Mr. Miller also requests immediate notice of the United States' intention to use expert witness testimony and the disclosure of a written summary of testimony the United States intends to introduce under Rules 702, 703, or 705, in its case in chief at trial, including: a description of the witnesses' opinions, bases and reasons therefore, and the witnesses' qualifications. The motion is granted, but the information need only be disclosed two weeks before trial.

IV.

Mr. Miller's motion to dismiss Counts I and III of the indictment is DENIED. Mr. Miller's motion for production of impeaching and exculpatory information is GRANTED, and his motion for notice of intention to use expert witness testimony is GRANTED as modified. Mr. Miller's motion for notice of intention to use

evidence of other crimes, acts and wrongs of defendant is GRANTED in part and DENIED in part as explained above.

ENTER ORDER:

*Elaine E. Bucklo*

Elaine E. Bucklo
United States District Judge

Dated:   June 8, 2000

Copies are being mailed to:

Edmond E. Chang
Assistant U.S. Attorney
219 S. Dearborn Street
Chicago, IL 60604

Attorney for Plaintiff

Linda Amdur
Attorney at Law
55 W. Jackson Blvd., #1503
Chicago, IL 60604

Scott T. Kamin
Law Office of Scott T. Kamin
53 W. Jackson Blvd.
Chicago, IL 60604

Attorneys for Defendant